IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OSCAR PEREZ, | § | |
| | § | |
| Movant, | § | |
| | § | Civil No. 4:17-CV-799-O |
| v. | § | (Criminal No. 4:14-CR-083-O (3)) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Movant, Oscar Perez, filed a 28 U.S.C. § 2255 motion. ECF No. 1. He contemporaneously filed a motion for discovery, for an evidentiary hearing, and to appoint counsel. *See* ECF No 4. That motion (ECF No. 4) is now before the Court and is **DENIED** for the reasons that follow.

Movant's request for counsel is denied. There is no federal constitutional right to the appointment of counsel in a federal habeas corpus proceeding. *McClesky v. Zant*, 111 S. Ct. 1454, 1471 (1991); *Pennsylvania v. Finley*, 107 S. Ct. 1990, 1993 (1985). Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides for the appointment of counsel "[i]f an evidentiary hearing is required." That rule also provides that counsel may be appointed "at any stage of the case if the interest of justice so requires." It has not yet been determined whether a hearing is required in this case, and Movant has not shown that justice requires the appointment of counsel at this stage in the proceeding. If it is later determined that an evidentiary hearing is required, the Court will revisit the question of appointment of counsel on its own motion.

Movant's request for an evidentiary hearing is premature. Rule 8(a) provides that "[i]f the motion [to vacate] is not dismissed, the judge must review the answer, any transcripts and records

of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Based on the record, it has not yet been determined that an evidentiary hearing is necessary. If it is determined that an evidentiary hearing is required, one will be scheduled.

Movant's request for discovery is also denied. Rule 6 grants the Court discretion to "authorize a party to conduct discovery" upon a showing of good cause. The requesting party "must provide reasons for the request" and "include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b). Conclusory allegations are not sufficient. *See United States v. Webster*, 392 F.3d 787, 801-02 (5th Cir. 2004) (holding that "[c]onclusional allegations are insufficient to warrant discovery; the petitioner must set forth specific allegations of fact"). Here. Movant's request is cursory–he states only that he "requests Discovery pursuant to Rule 6." He does not–as is required under Rule 6(b)–identify what discovery he seeks. Nor has he put forth good cause to conduct discovery. *See Webster*, 392 F.3d at 801-02.

For these reasons, Movant's motion for discovery, for an evidentiary hearing, and to appoint counsel (ECF No. 4) is **DENIED**.

**SO ORDERED** this **10th day** of **October, 2017**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE