IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| OSCAR PEREZ, | |
|       Movant, | |
| | NO.   4:17-CV-799-O |
| v. |       (4:14-CR-083-O-3) |
| UNITED STATES OF AMERICA, | |
|       Respondent. | |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE
TO AMENDED MOTION UNDER 28 U.S.C. § 2255**

Perez's amended motion purports to add two claims of ineffective assistance of counsel.  Because the claims are conclusory, they should be denied without a hearing.

**STATEMENT OF THE ISSUES**

In Ground Three, Perez claims that he "agreed to debrief" with the government regarding a "[p]rincipal in the case" named Ramazon. (CV No. 17 at 7.)[1]  Counsel reportedly told Perez that based on Ramazon's "impending" arrest, it was "possible [that Perez would] be given credit [against] his term," but counsel failed to keep him apprised of the matter after sentencing.  (*Id.*)  In Ground Four, Perez alleges that because "he was not a principal in the conspiracy," counsel failed to investigate whether mitigating information existed to support "a reduction for a less culpable role in the offense." (*Id.* at 8.)  He further states that counsel "simply failed to advocate and mad[e] promises that

---

[1] "CR No. __" refers to the docket of the underlying criminal proceeding, *United States v. Gutierrez-Barajas et al.*, No. 4:16-CR-083-O.  "CV No. __" refers to the docket of this Section 2255 action.  Other documents, including the presentence report ("PSR"), are referenced by title.

[counsel] did not keep," assuring Perez that "certain matters" would be addressed before this Court or on appeal.  (*Id.*)

## ARGUMENT AND AUTHORITIES

### Standard of Review

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence.  It provides four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment."  *United States v. Addonizio*, 442 U.S. 178, 184 (1979).  "Section 2255 does not offer recourse to all who suffer trial errors."  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981).  It may also "not do service for an appeal."  *United States v. Frady*, 456 U.S. 152, 165 (1982).  After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted."  *Id.* at 164.

A prisoner is not entitled to an evidentiary hearing on her Section 2255 motion unless she "presents independent indicia of the likely merit of [her] allegations."  *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013).

**Discussion**

**Perez's supplemental claims consist of unsupported conclusions that cannot meet his burden under *Strickland*.**

Even when afforded a liberal construction, Grounds Three and Four should be summarily denied as vague and conclusory. *See Green v. Johnson*, 160 F.3d 1029, 1024 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). The fundamental reason for reviewing courts to summarily reject conclusory assertions is the Supreme Court's longstanding recognition that the prisoner must affirmatively prove that counsel's performance was constitutionally deficient and that actual prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To meet his demanding burden under *Strickland*, Perez must first overcome the "strong presumption that counsel's conduct [was] within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *See id.* (internal quotation marks and citation omitted). The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.*

Second, to prove that counsel's deficient performance caused prejudice, Perez must show that "but for counsel's unprofessional errors, the result of the proceeding

would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  "That requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (internal quotation marks and citation omitted).  Perez's claim fails if he does not satisfy either the deficient-performance or prejudice prongs, and the Court need not address both components if he makes an insufficient showing on one.  *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000)

By these settled standards, Perez's allegations fall well short of proving that counsel performed deficiently and that prejudice resulted.

### A.      Ground Three

Ground Three concerns the potential for Perez to receive post-sentencing "credit" based on his cooperation with the government.  (CV No. 17 at 7.)  The cooperation already resulted in a downward departure for Perez based on the government's motion under USSG § 5K1.1.  (CR No. 93; Sent. Tr. at 3-4.)  As the government's motion made clear, its decision to seek a further reduction after sentencing was conditional: "*If* an arrest is made due to Perez's assistance, the government intends to request a further departure under Rule 35."  (CR No. 93 at 3) (emphasis added).  Because Perez acknowledges that counsel correctly advised him that further credit was "possible," (CV No. 17 at 7), he implicitly concedes that counsel's advice was not deficient.

Thus, Ground Three is distilled to an allegation that counsel failed to inform Perez of the government's decision not to file a Rule 35 motion.  Counsel's sworn affidavit contends otherwise, stating:

> After sentencing was completed, I discussed with Mr. Perez his appeal rights. Mr. Perez was well aware of the terms of his plea agreement, and furthermore, that nothing occurred during his sentencing that in my legal opinion violated those terms. After our discussion, we agreed that we would continue to seek relief under Rule 35(b) rather than see an appeal. At no time did I give Mr. Perez inaccurate information. Furthermore, after the hearing I also discussed with his family the plan to seek relief under Rule 35(b). They were all in agreement that an appeal seemed futile and potentially more damaging to Mr. Perez and that the better course of action was to continue to seek relief under Rule 35(b).

(Govt.'s App. to CV No. 10 at 2.) Counsel further declares that he continued to pursue post-sentencing relief on Perez's behalf, but the government determined that Rule 35(b) relief was not warranted. (*Id.* at 3.) Counsel also states that Perez and his family "were very appreciative of [counsel's] continued efforts" and "thanked [counsel] for [his] persistence in seeking a reduced sentence[.]" (*Id.*)

Although the issue is disputed, the Court need not resolve it because whether to file a Rule 35 motion was left to the government's discretion and Perez does not allege that the decision was irrational or based on an unconstitutional motive. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992) (holding that "federal district courts have authority to review a prosecutor's refusal to file a [Rule 35(b)] substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive" or "not rationally related to any legitimate Government end"); *United States v. Sneed*, 63 F.3d 381, 388-89 n.6 (5th Cir. 1995) ("Even assuming that the Government did promise to file a Rule 35(b) motion on [the appellant's] behalf, we cannot review [his] Rule 35(b) claim because he does not suggest that the Government's failure to make the motion was unconstitutionally motivated."); *see also United States v.*

*Brown*, 547 F. App'x 637, 645-46 (5th Cir. 2013) (applying *Wade* and *Sneed* and affirming district court's denial of Section 2255 motion without an evidentiary hearing because the motion's allegations were facially insufficient).  Thus, Perez suffered no prejudice from counsel's purported failure to notify him of the government's lawful decision.

### B.    Ground Four

Next, Perez alleges that because "he was not a principal in the conspiracy," counsel failed to investigate whether mitigating information existed to support "a reduction for a less culpable role in the offense."  (CV No. 17 at 8.)  He further states that counsel "simply failed to advocate and mad[e] promises that [counsel] did not keep," assuring Perez that "certain matters" would be addressed before this Court or on appeal. (*Id.*)

Ground Four is materially indistinguishable from Ground Two of Perez's initial Section 2255 motion.  Relevant here, Ground Two alleged the following:

> Movant submits that Counsel failed to act as an advocate on his behalf. Counsel failed to [exercise] due diligence in investigating the fa[c]ts of the case and the Movant['s] involvement and scope of the agreement in the [c]onspiracy during the brief time he was involved.  The possibility of mitigating his role in the offense, the amount of [d]rugs he was held accountable for [and] any defense factors [that] may have been presented to the [C]ourt.

(CV No. 1 at 7.)  Because Ground Four echoes Ground Two and is equally unsupported, it should be summarily denied as conclusory.  (*See also* CV No. 10 at 19-21.)

## CONCLUSION

For the reasons set forth herein and in the government's initial response, the Court should deny Perez's motion and amended motion except for his allegation in Ground Two regarding the failure to file an appeal, which should be set for an evidentiary hearing.

Respectfully submitted,

Erin Nealy Cox
United States Attorney

*/s/ Timothy W. Funnell*
Timothy W. Funnell
Assistant United States Attorney
Wisconsin State Bar No. 1022716
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102-6897
Phone 817-252-5252
tim.funnell@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on July 30, 2018, I filed this response with the clerk of court for the U.S. District Court, Northern District of Texas.  I also certify that a copy of this response was served on Oscar Perez, Register Number 54050-177, FCI Beaumont Low, P.O. Box 26020, Beaumont, Texas 77720.

*/s/ Timothy W. Funnell*
Timothy W. Funnell
Assistant United States Attorney